**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001084
31-JAN-2014
09:32 AM**

NO. CAAP-11-0001084

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
STEPHEN BAPTISTA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CR. NO. 3P109-00106)

ORDER DENYING MOTION FOR RECONSIDERATION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

On January 23, 2014, Defendant-Appellant Steven
Baptista (**Appellant**) filed a Motion for Reconsideration of this
court's Summary Disposition Order entered on January 13, 2014,
which affirmed the Judgment of Conviction & Sentence entered
against Appellant on November 29, 2011, in the District Court of
the Third Circuit, Puna Division (**District Court**).

Appellant requests reconsideration on the basis that he
filed a "Statement of Evidence of Proceeding When Transcript
Unavailable Pursuant to HRAP Rules [sic] 10(c), or in the
Alternative, Motion to Supplement Appellate Record Pursuant to
Rule HRAP 10(e)" (**Statement of Evidence**), on January 10, 2013.
We note that Appellant coded the document as "Other," rather than
as a motion, in the Judiciary Electronic Filing System (**JEFS**).
Documents not coded as motions in JEFS may not be properly

brought to the attention of this court for action. In addition, Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 10(c) states:

> (c) *Statement of the evidence of proceedings when no report made or when transcript unavailable.* If the reporter refuses, becomes unable, or fails to transcribe all or any portion of the evidence or oral proceedings after proper request, the party may (i) request that transcription of the reporter's notes be submitted to another reporter for transcription where feasible; or (ii) prepare a statement of the evidence or proceedings from the best available means, including the party's recollection or uncertified transcripts or reporter's notes. The statement shall be served on the opposing party(ies), who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the court or agency appealed from for settlement and approval and as settled and approved shall be included by the clerk of the court appealed from in the record on appeal.

(Emphasis added.)

It appears that, under these circumstances, no action was taken by this court on the Statement of Evidence, which was also not referenced in Appellant's Reply Brief, which was also filed on January 10, 2013. It further appears that Appellant did not, at any time prior to this court's disposition of the case, verify that his request was pending or otherwise follow up with this court concerning the Statement of Evidence. There is no indication that Appellant made any attempt to settle the record on appeal in the District Court as required by HRAP Rule 10(c) and/or 10(e)(1). The Statement of Evidence does, however, include an "alternative" request that this court admit trial counsel's letter directly into the appellate record pursuant to HRAP Rule 10(e)(2) or 10(e)(3).

Upon review of the Statement of Evidence, this court would not have granted Appellant's request to directly supplement

2

the record on appeal, without first requiring submission to the District Court for its consideration pursuant to HRAP Rule 10(c).

Nevertheless, we have reviewed and considered the letter from Appellant's trial counsel in conjunction with his request for reconsideration of the Summary Disposition Order. The letter states counsel's recollection of Appellant's position at various hearings, including some hearings for which transcripts were unavailable. However, nothing in the letter contradicts or supplements the court's minutes which were in the record on appeal. Upon review, the letter does not aid Appellant's contention that unavailable transcripts warranted reversal of his conviction.

The letter also does not support Appellant's contention that trial counsel was ineffective for failing to move to dismiss the charge on the ground that Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48 had been violated. On reconsideration, Appellant points to the fact that after his case had temporarily been transferred to circuit court, the circuit court stated, in a hearing on September 9, 2009, that under HRPP Rule 48, trial should have commenced by December 12, 2009. Appellant points out that his trial did not commence until April 1, 2010.[1] However, the September 9, 2009 transcript was in the record on appeal when Appellant filed his Amended Opening Brief. Appellant failed to cite the September 9, 2009 transcript or otherwise provide any specific argument as to how HRPP Rule 48 had been violated in his

---

[1] Appellant erroneously states that trial commenced on April 10, 2010.

3

Amended Opening Brief. We have, nevertheless, considered the applicability of HRPP Rule 48.

Appellant was charged by complaint on March 2, 2009. The time for HRPP Rule 48 purposes began on March 2, 2009 and the State had 180 days from that date to begin Appellant's trial. HRPP Rule 48(b)(1) and (b)(2); State v. Hoey, 77 Hawai'i 17, 27, 881 P.2d 504, 515 (1994) (HRPP Rule 48 requires dismissal of charge if trial does not commence within 180 days from time of arrest or filing of the charge, whichever is sooner). Appellant's trial began on April 1, 2010. In his Motion for Reconsideration, Appellant again fails to specify how he calculates that Appellant's trial did not begin within 180 days, after excluding time for Appellant's requested continuances and the period wherein he requested, but had not yet received, appointment of counsel, both of which was excluded pursuant to HRPP Rule 48(c)(1), (c)(3) and (d)(3). Upon review of the record, including all available transcripts and the court's minutes, it appears that Appellant's trial was held 153 days after he was charged by complaint.[2] Since Appellant cannot establish that HRPP Rule 48 was violated, his claim that he received ineffective assistance of counsel for trial counsel's failure to move to dismiss the charge on that ground is without merit.

---

[2] Includable time for HRPP Rule 48 purposes was March 2, 2009 to April 17, 2009 (46 days), September 9, 2009 to October 7, 2009 (28 days), November 10, 2009 to January 26, 2010 (77 days), and March 30, 2010 to April 1, 2010 (2 days).

4

For these reasons, IT IS HEREBY ORDERED that the Motion for Reconsideration is denied.

DATED: Honolulu, Hawai'i, January 31, 2014.

On the motion:

Lars Robert Isaacson
for Defendant-Appellant

Chief Judge

Associate Judge

Associate Judge